RECEIVED IN
The Court of Appeals
Sixth District

OCT 1 6 2015

Texarkana, Texas
Debra Autrey, Clerk

Appeal No. 06-15-00062-CV

Appeal "F" Calton
        Plaintiff

V

Steve Schiller, et al
        Defendants

Court of Appeals

Sixth Appellate District

State of Texas

Appellant's motion For The Court and/or Clerk of The Sixth Appellate District To Provide Appellant A Copy of The Clerk's Record

    Now Comes Appellant Allen "F" Calton (Calton) and files this his motion For The Court and/or Clerk of The Sixth Appellate District to Provide Appellant A Copy of The Clerk's Record. will show in support As Follows:

## I

## Supporting Facts

(1) Since initiating this suit on 2-20-04 Calton has been impeded by the Tarrant County District Clerk and Tarrant County officials generally in this lawsuit among other lawsuits.

(2) For example it took several months to complete service on defendant steve schiller. Now the District Clerk of Tarrant County Refuses to provide Appellant a copy of the Clerk's record although Calton is undisputedly indigent and timely requested the record on 9-3-15.

(3) Tarrant County officials are intent to do whatever it takes to deny

Appellant's motion For The Court, and/or clerk To Provide Clerk's Record p. 1 of 6

Appellant justice. Its like pulling teeth to get justice in Tan Tarrant with a suit a against A Former Tarrant county employee i.e Steve Schiller The Court Reporter.

## II
### Argument and Authority

(A) "A party who cannot pay the costs in appellate court may proceed without advance payment of costs if:

(1) the party files an affidavit of indigence in compliance with this rule;

(2) the claim of indigence is not contested or if contested the contest is not sustained by written order; and

(3) the party timely files a notice of appeal" See TRAP 20.1(a)

(B) Carlton has complied with all the statutory requirements under T.R.A.P. 20.1(b): which states:

"The Affidavit of indigence must identify the party filing the Affidavit and must state amount of costs, if any, the party can pay. The Affidavit must also contain complete information about:

(1) the nature and amount of the party's current employment income, government-entitlement income and other income;

(2) the income of the party's spouse and whether that income is available to the party;

Appellant's motion For The Court and/or Clerk To Provide Clerks Record p. 2 of 6

(3) real and personal property the party owns;

(4) cash the party holds and amounts on deposit the party may withdraw;

(5) the party's other assets

(6) the number and relationship to the party of any dependents;

(7) The nature and amount of the party's debts;

(8) the nature and amount of the party's monthly expenses;

(9) the party's ability to obtain a loan for court costs;

(10) whether an attorney is providing free legal services to the party without a contingent fee; and

(11) whether an attorney has agreed to pay for advance court costs."

See Calton's Affidavit of Indigence filed on 8-17-15. Calton is in compliance and has met the standard. See file herein at 8-17-15.

(C) Further Calton has complied with the statutory requirements under C.R.C.14.004 (a): which states:

"An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the

Appellants motion For The Court and/or Clerk To Provide Clerk's Record p 3 of 6

person was an inmate at the time the suit was brought; and (2) describing each suit that was previously brought by (A) stating the operative facts for which relief was sought; (B) listing the case name, cause number, and the court in which the suit was brought; (C) identifying each party named in the suit; and (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise."

See Calton's Affidavit Confirming previous filings filed on 8-17-15. Calton again is in compliance and has met the standard. See file herein at 8-17-15.

(D)   Finally Calton has complied with the statutory requirements under C.P.R.C. 14.004 (C) which states:

"The Affidavit or unsworn declaration must be accompanied by the certified copy of the trust fund account statement required by Section 14.006 (F) which demonstrates the balance of the Inmate's trust fund account balance during the six months preceding the date upon with the claim is filed,

See the copy that's certified of Calton's Inmate Trust Fund Account statement confirming a balance of $0.00. Confirming Calton's indigence.

## III

## Conclusion

For these reasons it is clear the District Clerk of Tarrant County, Texas is clearly blocking any access to court in an arbitrary manner. As confirmed by the file herein is lacking any contest of indigency filed by the district clerk. Therefore it is only reasonable that this court make a courtesy call to Tarrant County and/or this Court provide Calton a copy of the record filed in this Court on 9-30-15.

## Prayer

Wherefore, premises considered, Appellant respectfully prays and moves this Court for an order compelling the District Clerk of Tarrant County to forward Appellant A copy of The Clerk's record in its entirety and/or an order compelling the Clerk of The Sixth District of Texas Appellate Court Clerk to provide Plaintiff a copy of the Clerk's Record Filed in the Court on 9-30-15. Appellant moves for any and all other relief he may justly be entitled to by law and equity.

Respectfully Submitted,

Allen "F" Calton

## Verification

I, Allen "F" Calton #1123880 incarcerated at the Stiles Unit in Jefferson County, Texas due hereby declare and state under the penalty of perjury that the foregoing facts are true and correct and are based upon personal knowledge.
Executed on 10-7-15    Allen "F" Calton

Appellant's motion For The Court and/or Clerk To Provide Clerk's Record p.5 of 6

## Certificate Of Conference

Calton puts the court on notice that a conference was not held with District Attorney Sharenwilson or Attorney General Demetri Anastasiadis on the merits of this motion. Because Appellant is incarcerated and cannot telephone ms. wilson or D. Anastasiadis. Calton will not speculate on whether this motion would be opposed.

Allen "FM" Calton

## Certificate Of Service

I hereby certify that a copy of the foregoing was first class mailed to District Attorney Sharen wilson 401 w. Belknap St. worth, TX. 76196 and Attorney General Demetri Anastasiadis 300 w. 15St Austin, TX 78701 on 10-2-15.

Allen "FM" Calton

Appellant's motion For The Court and/or Clerk To provide Clerk's Record p 6of6